Swing, J.
This case is in this court on error, and was heard upon a motion to strike the bill of exceptions from the files.
The plaintiff in error brought an action in the court of common pleas against the defendant in error on the fourteenth day of March, 1892, and service was had upon the same day.
The case was tried from March 15 to 20, 1893, a verdict being returned for the defendant. A motion for a new trial was filed, which was overruled April 1, 1893. April 1st, (or April 2nd, at the furthest) was the last day of the January term, at which said cause was tried.
The journal shows that on April 1, 1893, a bill of exceptions was allowed, signed and filed in the case, and the bill of exceptions filed in this court is marked, filed April 1, 1893, in said court. The bill itself shows the following :
*257 “Witness my hand and the seal of this court, this 20th day of May, A. D. 1893. Miller Outcalt, Judge of the Court of Common Pleas.”
The provision of the statute applicable to the signing of bills of exceptions which governs this case, was the law of April 15, 1890, Ohio Laws, Vol. 87, p. 206. Under this act, a bill of exceptions was required to be presented for allowance within forty days from the end of the term, with a proviso that the trial judge might extend the time for signing ten days beyond the forty days, and when so extended the same was to be endorsed on the bill by said judge. No endorsement of that kind appeared on this bill.
We think this bill of exceptions must be deemed to have been signed as of May 20, 1893, and the statement of the judge that it was signed as of April 1st, can not have the effect to make the bill bear that date as to the time when signed. The bill was actually signed on May the 20th, but while the judge says so, he probably sought to have it bear date in law as of April 1, 1893. But we do not think the court has such power. The second proposition of the syllabus in the case of Pushy v. Finn, 1 Ohio St. p. 409, is as follows: “A bill of exceptions must be signed and sealed at the time the exceptions are taken, and it can not be amended after that term. A nuno pro t-unc- order made at a subsequent term to the effect that a paper not identified by the bill shall be considered as a part of it, is a nullity.” The court, on page 414, referring to this action of the court, say: “This is certainly a curiosity in the history of judicial proceedings. The statute requires a bill of exceptions to be signed and sealed at the time at which the exceptions are taken, and it can not be done afterwards; but if the plan here attempted is permissible, signing and sealing are unnecessary, and a new journal entry will answer for a bill of exceptions, and instead of a bill being perfected at the time at which the exceptions are taken, as is required by statute, it may be completed at any subsequent term, even after the original papers are in the *258 court of errors, by a nunc pro tuno order, and that made by different judges from those who signed and sealed the bill.”
From the end of the term until the signing of the bill was forty-nine days, nine days beyond the time allowed by the statute. Such a bill would be a nullity, and could not be considered by this court. But the journal entry in this case recites that “ April 1, 1890; this day comes the plaintiff, and presents to the court her certain bill of exceptions, which, the the court finding to be true, is allowed, signed and sealed, and made a part of the record. Bill of exceptions filed by leave.” But the record discloses no bill of exceptions corresponding to the recital of the. journal entry. What we do find is a bill which says it was signed May 20, 1893. Under these facts, what is'the rule of law? In the 43 Ohio St., page 63, the court say: “ A paper purporting to be a bill of exceptions, but'which is not signed as required by statute, will not be considered as a part of the record, although the journal entry in the case recites that a bill of exceptions was duly signed, sealed and allowed, and ordered to be made part of the record, and no other paper puporting to be a bill of exceptions appears in the files of the case.” And in the 44 Ohio St., page 63, the court say: “ A paper purporting to be a bill of exceptions, signed by one judge only of the three judges holding the district court, will not be considered as a part of the record, although the journal entry in the case recites that a bill of exceptions is presented, which, being found by the court to be true, is allowed, signed and sealed and made a part of the record, and no other paper purporting to be a bill of exceptions appears in the files of the case.”
These decisions conclusively settle the question in this state, that while a journal entry may state certain facts to exist as to a bill of exceptions, yet, if the bill itself, which is a part of the record of the ease, shows the statement of the journal to be untrue, the journal entry will not control, but the fact as shown by the bill of exceptions, must stand.
The bill of exceptions in this case, having been signed af *259 ter the time required by the statute, can not be considered as a part of the record, and the motion to strike from the files being the proper motion, it will be granted.
Mallon, Coffey & Mallon, for plaintiff in error.
Smith & Kuhn, and John McMahon, for defendant in error.